**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | ) ) ) |
| Plaintiff, | ) CASE NO.: 19-CV- ) |
| vs. | ) JUDGE: ) |
| KC PRECAST LLC, a New Jersey limited liability company, | ) MAGISTRATE JUDGE: ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, KC PRECAST LLC, and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust

Funds") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

5. The Pension Fund is required to receive, hold and manage all monies required to be contributed to the Trust Funds and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the Trust Funds and Union required under the Principal Agreement.

6. Pursuant to 29 U.S.C. §1132(a)(3), the Pension Fund is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

7. The Union is the bargaining representative of KC PRECAST LLC's ("KC PRECAST") bargaining unit employees.

8. The Defendant KC PRECAST is a New Jersey Corporation with its principal place of business located in Niagara Falls, New York.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

9. Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1-8 of this

Complaint with the same force and effect as if fully set forth herein.

10. KC PRECAST is an employer engaged in an industry affecting commerce that entered into a Compliance Agreement whereby it agreed to be bound by the provisions of the Principal Agreement for all times relevant to this action. (A copy of the Principal Agreement is attached as **Exhibit 1)**; (A copy of the Compliance Agreement is attached as **Exhibit 2**).

11. Through the agreements referred to in paragraph 10, the Defendant KC PRECAST also became bound by the provisions of the Trust Agreements.

12. Pursuant to the provisions of the Principal Agreement and Trust Agreements, KC PRECAST is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rate.

13. Pursuant to the Principal Agreement, KC PRECAST is required to deduct union wage assessments ("union dues") from its covered employees' paychecks and remit payment of those union dues to the Pension Fund, as the collection agent for the Union.

14. Pursuant to the Principal Agreement, KC PRECAST is required to deduct $4.00 per hour of post-tax wages as a vacation account deduction from its covered employees' paychecks and remit payment of those vacation account deductions to the Pension Fund.

15. The monthly reports, contributions, union dues and vacation account deductions during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

16. Pursuant to Section 502(g)(2) of ERISA, the CBA and Trust Agreements, employers who fail to submit their monthly reports, contributions, union dues and vacation account deductions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid and interest at

the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

17. During the month of January 2019, KC PRECAST employed iron worker employees for which it was obligated to pay $1,425.30 in contributions, union dues and vacation account deductions to the Pension Fund (as the collection agent of the Trust Funds, the Union and vacation savings accounts).

18. As a result of its failure to pay its contributions, union dues and vacation account deductions for the month of January 2019 by the due date (February 15, 2019), KC PRECAST owes $284.46 in liquidated damages and interest at a rate of prime plus two percent (2%) compounded monthly until the payment is received.

19. The Plaintiff has been required to employ the undersigned attorneys to compel KC PRECAST to collect the outstanding contributions, union dues, vacation account deductions, liquidated damages and interest owed to the Pension Fund (as the collection agent of the Trust Funds, the Union and vacation savings accounts).

20. The Plaintiff has complied with all conditions precedent in bringing this suit.

21. KC PRECAST is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of Plaintiff and against Defendant KC PRECAST in the amount of $1,425.30 for unpaid contributions, union dues and vacation account deductions;

B. That Judgment be entered in favor of Plaintiff and against Defendant KC PRECAST in the

        amount of $284.46 for liquidated damages;

C.     That Judgment be entered in favor of Plaintiff and against Defendant KC PRECAST in an undetermined amount for interest compounded monthly at a rate of prime plus two percent (2%);

D.     That Judgment be entered in favor of Plaintiff and against Defendant KC PRECAST for any other contributions, union dues, vacation account deductions, liquidated damages and interest that are found to be due and owing in addition to the amounts referenced in paragraphs A through C above;

E.     That Defendant KC PRECAST be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

F.     That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant KC PRECAST's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

        Respectfully Submitted,

        **STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND**

        /s/ Jeffrey A. Krol – 6300262
        One of Plaintiff's Attorneys

Jeffrey A. Krol
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5465
jeffkrol@johnsonkrol.com